UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL PARKS AND CONSERVATION ASSOCIATION,<br><br>      Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*,<br><br>      Defendants. | Civil Action No. 1:21-cv-00171 (ACR) |
| SOUTHERN UTAH WILDERNESS ALLIANCE,<br><br>      Plaintiff,<br><br>v.<br><br>NATIONAL PARK SERVICE, *et al.*,<br><br>      Defendants. | Civil Action No. 1:23-cv-00693 (ACR) |

## ORDER CONSOLIDATING CASES

  Under Federal Rule of Civil Procedure 42(a), "a district court has authority to order consolidation when actions involving 'a common question of law or fact' are pending before the court." *Nat'l Ass'n of Mortg. Brokers v. Bd. of Governors of Fed. Rsrv. Sys.*, 770 F. Supp. 2d 283, 286 (D.D.C. 2011) (quoting Fed. R. Civ. P. 42(a)). "Consolidation pursuant to Rule 42(a) is permissive and vests a purely discretionary power in the district court, which may consolidate related cases *sua sponte*." *Id.* (citing cases).

1

The Court hereby ORDERS that the above-captioned cases are CONSOLIDATED for administrative purposes, with each case retaining its separate character.  Consolidation is appropriate because the cases involve common questions of law and fact.  Further, adjudicating them together serves the interests of judicial economy.

By way of background, on June 14, 2023, the Court asked the parties to address whether the above-captioned cases should be consolidated, including whether any party would be prejudiced by consolidation.  The Federal Defendants oppose consolidation; Plaintiff in Case No. 1:21-cv-00171, National Parks Conservation Association ("NPCA"), opposes consolidation; and Plaintiff in Case No. 1:23-cv-00693, Southern Utah Wilderness Alliance ("SUWA"), supports consolidation for administrative purposes.  No party, however, identified any prejudice other than potential delay to resolution of NPCA's lawsuit and duplicative briefing.  Nor did NPCA or the Federal Defendants address the efficiencies gained by consolidation considering the context of the Court's schedule.

The Court addressed the parties' submissions during a hearing on June 22, 2023.  The Court explained that, because of its own schedule, no additional delay would occur if summary judgment briefing in SUWA's lawsuit is completed by December 2023.  With input from SUWA and the Federal Defendants, the Court set such a schedule and hearing date for December 18, 2023.  Thus, the parties will not suffer any prejudice by consolidation, while consolidation will facilitate efficient resolution of both cases.

Consolidation does not affect the rights of NPCA and SUWA to retain separate counsel, file separate motions and briefs, present oral argument separately, file separate appeals, and independently make other litigation decisions.  While each case will retain independent case numbers, all future filings in these consolidated cases must be filed only in Case No. 1:21-cv-

00171, the first-filed case. Compliance with this directive requires that a party select "No" when asked "Do you want to spread this docket entry?"

The parties must identify both cases in the captions of all future filings, as shown above. If any party files a document on behalf of, or in response to, only one Plaintiff, they shall: (1) so indicate in the heading of the document (referring to "Plaintiff NPCA" or "Plaintiff SUWA," as appropriate); and (2) so indicate in the ECF entry (*i.e.*, "This filing relates solely to Plaintiff NPCA" or "This response relates solely to the Plaintiff SUWA").

Other than the scheduled summary judgment motion in SUWA's lawsuit, Plaintiffs must confer with one another before filing any new substantive motion; shall endeavor to agree upon, and propose to the Court, a coordinated schedule for such motions; and must eliminate unnecessary repetition by incorporating one another's filings by reference if possible. The Court will treat incorporation by reference as though the argument is fully set forth in the referring brief. Parties must comply with their obligations under Local Civil Rule 7(m).

As discussed during the June 22, 2023 hearing: (1) Plaintiff NPCA and the Federal Defendants must submit a proposed schedule and format for the filing of Plaintiff NPCA's Second Amended Complaint and the supplemental briefs; and (2) Plaintiff SUWA and the Federal Defendants must submit, in a proposed scheduling order, the dates discussed for completion of the administrative record, summary judgment briefing, and a second summary judgment hearing to be held with both Plaintiffs and Federal Defendants on December 18, 2023.

**SO ORDERED.**

Date:  June 26, 2023

ANA C. REYES
United States District Judge