**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATIONAL PARKS CONSERVATION ASSOCIATION,<br><br>      Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*,<br><br>      Defendants. | Civil Action No. 1:21-cv-00171 (ACR) |
| SOUTHERN UTAH WILDERNESS ALLIANCE,<br><br>      Plaintiff,<br><br>v.<br><br>NATIONAL PARK SERVICE, *et al.*,<br><br>      Defendants. | Civil Action No. 1:23-cv-00693 (ACR) |

**PARTIES' JOINT STATUS REPORT RE: SETTLEMENT**

In response to the Court's July 5, 2023 Minute Order, the parties submit the following status report status to (1) update the Court on their settlement discussions and (2) show cause why the Court should or should not order both Plaintiffs and the Federal Defendants to engage in joint private mediation. Additionally, Plaintiffs and Federal Defendants submit separate scheduling proposals to address timelines moving forward, including summary judgment briefing in SUWA's case and the supplemental briefing in NPCA's case requested by the Court at the June 22, 2023 hearing.

## SETTLEMENT DISCUSSIONS TO DATE

1.      Plaintiffs NPCA and SUWA provided Federal Defendants with a formal

settlement proposal on July 14, 2023, the details of which were discussed at a settlement

conference held on July 26, 2023. The following people were in attendance for each party:

| Plaintiffs | Federal Defendants |
| --- | --- |
| NPCA | Department of Justice |
| Kristin Gladd | Jeff Candrian |
| Kolya Glick | Mark Widerschein |
| Jonathan Martel | |
| | Department of the Interior Solicitor's Office |
| SUWA | Erik Petersen, Regional Solicitor |
| Stephen Bloch | Elizabeth Schulte |
| Hanna Larsen | |
| Laura Peterson | National Park Service |
| | Jay Calhoun (Chief, Division of Regulations, Jurisdiction, and Special Park Uses) |
| | Jim Ireland (Acting Regional Deputy Director) |
| | Michelle Kerns (Glen Canyon National Recreation Area Superintendent) |

2.      Federal Defendants intend to submit a response and counter-proposal to Plaintiffs

no later than **August 11, 2023**.

3.      All parties wish to continue settlement discussions so there is good cause not to

order private mediation at this time.

## PLAINTIFFS' SCHEDULING PROPOSAL

4.      Plaintiffs request a continuance of the Order to show cause until **September 8,**

**2023**.  At that time, the parties will provide another report to update the Court on the status of the

negotiations and the potential utility of private mediation.

5.      SUWA proposes a summary judgment briefing schedule that adheres to the dates

discussed on the record at the June 22, 2023 hearing, *see* Hr'g Tr. 4:5-6 (AR due date); 4:11,

5:18-19, 6:4-5 (summary judgment briefing schedule); 7:11 (summary judgment hearing), and confirmed in the June 26, 2023 minute entry, with the addition of a cross-motion for summary judgment by Federal Defendants and a reply brief as outlined below:[1]

- **July 5, 2023**: Federal Defendants provided the administrative record to SUWA

- **August 21, 2023**: SUWA's motion for summary judgment due

- **October 15, 2023**: Federal Defendants' opposition/response and cross-motion for summary judgement due

- **November 7, 2023**: SUWA's reply due

- **December 1, 2023**:[2] Federal Defendants' reply due

- **December 18, 2023**: Hearing on Plaintiffs' motions for summary judgment

6.      At this time, Plaintiffs oppose any stay of SUWA's summary judgment briefing schedule or a continuance of the December 18, 2023 hearing.

7.      With regard to the supplemental briefing requested by the Court at the June 22, 2023 hearing, Plaintiffs propose that NPCA and Federal Defendants each file a supplemental brief not to exceed 5,000 words within ten days following the last brief filed in SUWA's case (**December 11, 2023**, under Plaintiffs' proposed schedule). Federal Defendants propose to file supplemental briefing on December 7, 2023—the same day they propose to file a reply in the summary judgment briefing between them and SUWA.  In order to efficiently address all

---

[1] At the July 26, 2023 settlement conference, Federal Defendants indicated that they intend to file a cross-motion for summary judgment in the same manner as NPCA's case.

[2] SUWA notes that Federal Defendants are seeking thirty days for their proposed reply brief, with a proposed due date of December 7, 2023, approximately seven business days before the scheduled hearing on December 18th. However, in light of this hearing, Plaintiffs instead propose a December 1, 2023 deadline to allow NPCA and Federal Defendants to file their final supplemental briefs by December 11, 2023, thereby giving the Court approximately one week to review the supplemental briefs.

arguments raised in the consolidated cases and avoid any duplication, NPCA requests the opportunity to review the entirety of Federal Defendants' new summary judgment briefing before filing its supplemental brief.  Filing supplemental briefs on December 11 would afford NPCA that opportunity.

8.      Plaintiffs believe this scheduling proposal promotes judicial efficiency by enabling settlement negotiations to continue without delaying summary judgment briefing and hearing in the event those negotiations fail. NPCA and Federal Defendants are separately preparing a proposed joint stipulation and schedule for further amending NPCA's complaint.

9.      Finally, SUWA informed Federal Defendants on August 2, 2023 that SUWA intends to move to amend its complaint to add an additional cause of action alleging that the National Park Service ("NPS") violated the NPS Organic Act, its implementing regulations, NPS Management Policies, and Executive Order 11644 by failing to apply the minimization criteria to paved park roads with respect to street-legal all-terrain vehicle use.[3] This new cause of action rests on the same statutes, regulations, policies, and executive order as the first three causes of action in SUWA's original complaint. Thus, SUWA is prepared to further address this new cause of action in its opening Memorandum of Points and Authorities in Support of its Motion for Summary Judgment, should the Court grant SUWA's motion to amend prior to August 21, 2023.

10.      Furthermore, SUWA offered to waive Federal Defendants' obligation to file an answer to the Amended Complaint if Federal Defendants do not oppose the motion. Federal Defendants declined this offer, instead indicating that they take no position on SUWA's motion and will file an Amended Answer pursuant to Fed. R. Civ. P. 15. Nonetheless, for the foregoing

---

[3] SUWA plans to file its Motion for Leave to File its First Amended Complaint on **August 7, 2023**. SUWA provided Federal Defendants with a draft copy of the proposed amended complaint on August 2, 2023.

reasons, SUWA does not anticipate that filing the proposed Amended Complaint will result in any delay or changes to the Plaintiff's proposed summary judgment briefing schedule.

### FEDERAL DEFENDANTS' SCHEDULING PROPOSAL

11.     Federal Defendants request a continuance of the order to show cause for 60 days, to **October 4, 2023**.  At that time, the parties will provide another report to update the Court on the status of the negotiations and the potential utility of private mediation.

12.     To allow the parties to fully concentrate on settlement during this 60-day period, Federal Defendants request that the Court vacate the briefing deadlines set in Court's June 22 Minute Order. Federal Defendants believe this promotes judicial efficiency and would allow the parties to avoid the cost and time associated with potentially unnecessary briefing, considering the parties currently wish to continue settlement discussions.  Moreover, given the limited resources of the National Park Service, this would also allow the Park Service to fully dedicate its resources to achieving settlement, rather than splitting its attention between settlement and summary judgment briefing.

13.     If, at any point during the 60-day negotiation period, the parties feel settlement discussions are no longer worthwhile, they will submit proposed briefing schedules pursuant to the Court's June 26 Consolidation Order (ECF No. 62 at 3).

14.     Further, SUWA alerted Federal Defendants on August 2, 2023 that it intends to amend its complaint with, among other things, a new cause of action.  Federal Defendants believe this is another reason to vacate the summary judgment briefing deadlines set in the June 22 hearing.

15.     In the alternative, and should the Court not grant Federal Defendants' scheduling proposal, Federal Defendants request the following change to SUWA's proposed briefing

schedule: Federal Defendants request until **December 7, 2023** to file their reply brief,

considering the Thanksgiving holiday.  For NPCA's proposal, Federal Defendants request the

parties submit their supplemental briefs also on **December 7, 2023**.

      The parties are available at the Court's convenience to discuss any aspect of this joint

status report.

Dated: August 4th, 2023                  Respectfully submitted,

                                         */s/ Hanna Larsen*
                                           Stephen Bloch (*pro hac vice*)
                                           Hanna Larsen (*pro hac vice*)
                                           Laura Peterson (*pro hac vice*)
                                           SOUTHERN UTAH WILDERNESS ALLIANCE
                                           425 East 100 South
                                           Salt Lake City, UT 84111
                                           Tel.: (801) 486-3161
                                           Fax: (801) 486-4233
                                           E-mail: steve@suwa.org
                                           E-mail: hanna@suwa.org
                                           Email: laura@suwa.org

                                           William Eubanks (D.C. Bar No. 987036)
                                           EUBANKS & ASSOCIATES, PLLC
                                           1629 K Street NW, Suite 300
                                           Washington, D.C. 20006
                                           Tel.: (970) 703-6060
                                           E-mail: bill@eubankslegal.com

                                           *Counsel for Plaintiff Southern Utah*
                                           *Wilderness Alliance*

                                           Kolya D. Glick (D.C. Bar No. 1015074)
                                           Jonathan S. Martel (D.C. Bar No. 428135)
                                           Samuel I. Ferenc (D.C. Bar. No. 1616595)
                                           Charles Birkel (D.C. Bar No. 90000646)
                                           ARNOLD & PORTER KAYE SCHOLER LLP
                                           601 Massachusetts Ave., N.W.
                                           Washington, D.C. 20001
                                           Tel.: (202) 942-5862
                                           Fax: (202) 942-5999
                                           E-mail: kolya.glick@arnoldporter.com
                                           E-mail: jonathan.martel@arnoldporter.com

*Counsel for Plaintiff National Parks
Conservation Association*

TODD KIM
ASSISTANT ATTORNEY GENERAL

Jeffrey N. Candrian (CO Bar No. 43839)
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
999 18th Street, South Terrace, Suite 370
Denver, CO 80202
Tel: (303) 844-1382
E-mail: jeffrey.candrian@usdoj.gov

Mark J. Widerschein (Ohio Bar No. 100162)
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
150 M St. NE
Washington, D.C.
Tel: (202) 532-5803
E-mail: mark.widerschein@usdoj.gov

*Counsel for Federal Defendants*